IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-00057-F-1
No. 7:14-CV-00191-F

| | |
|---|---|
| COREY CONNELL CARROLL, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the following motions:

(1) the Government's Motion to Dismiss [DE-221] Corey Connell Carroll's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-214, -216].[1]
(2) Carroll's Request for Leave to File Supplemental Motion [DE-231];
(3) Carroll's Motion to Voluntarily Withdraw [DE-236];
(4) Carroll's Motion Pursuant to Federal Rules of Evidence [DE-237]; and
(5) Carroll's Motion to Amend [DE-238].

The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, Carroll's Motion to Vacate is DENIED, his Request for Leave to File Supplemental Motion is DISMISSED as withdrawn, his Motion to Voluntarily Withdraw is ALLOWED, his Motion Pursuant to Federal Rules of Evidence is DENIED, and his Motion to Amend is DENIED.

**I. Factual and Procedural Background**

On May 17, 2012, Carroll was charged in a single-count indictment with conspiracy to distribute and possess with intent to distribute two hundred and eighty grams or more of cocaine

---

[1] Carroll's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-214], which was filed on September 5, 2014. At the court's direction, Carroll filed a "conforming" motion [DE-216] on September 24, 2014.

base (crack) and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. *See* Indictment [DE-15]. At his November 6, 2012 arraignment, Carroll pled not guilty.

Carroll was charged in two counts of an eight-count superseding indictment on April 17, 2013. *See* Superseding Indictment [DE-73]. Carroll was charged in Count One with conspiracy to distribute and possess with intent to distribute two hundred and eighty grams or more of cocaine base (crack) and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. *See id.* In Count Three, Carroll was charged with distributing a quantity of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See id.* On July 22, 2013, the court held an arraignment on the Superseding Indictment. Carroll entered a not guilty plea, and the court started the trial.

On July 24, 2013, Carroll was charged in a two-count criminal information. *See* Criminal Information [DE-158]. In Counts One and Two, Carroll was charged with conspiracy to distribute and possess with the intent to distribute a quantity of cocaine base (crack) and a quantity of cocaine, in violation of 18 U.S.C. § 371. *See id.* Carroll entered a guilty plea as to the two-count Criminal Information pursuant to a plea agreement [DE-162].

Carroll's sentencing was held on December 4, 2013. Carroll was sentenced to 60 months' imprisonment on Count One and 60 months' imprisonment on Count Two, to be served consecutively resulting in a total term of 120 months' imprisonment. *See* Judgment [DE-193]. On December 24, 2013, Carroll filed a Notice of Appeal [DE-196]. In an order [DE-210] entered on April 16, 2014, Carroll's case was dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

On September 5, 2014, Carroll filed the instant *pro se* Motion to Vacate, Set Aside, or

2

Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-214, -216]. In his § 2255 motion, Carroll raises the following issues: (1) this court lacked subject-matter jurisdiction because "the Grand Jury handed down a[n] indictment without any information of written statement of essential facts constituting the offense charged pursuant to" Federal Rules of Criminal Procedure 3 and 4; (2) the federal government lacked jurisdiction over him because he was "arrested for violating laws of the United States of America" in Jacksonville, North Carolina, "outside the territories and 'enclaves' belonging to the United States"; (3) this court is not a "Criminal Court," and thus, it lacks jurisdiction to enforce criminal laws; and (4) his attorney provided ineffective assistance by recommending that he accept a plea offer rather than advancing the arguments raised in issues one through three. On October 24, 2014, the Government filed a Motion to Dismiss [DE-221], arguing that Carroll failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

#### A. Motion to Voluntarily Withdraw Grounds One Through Three

Carroll's first motion before the court is his Motion to Voluntarily Withdraw Grounds One Through Three [DE-236]. In his motion, Carroll requests that the court allow him to withdraw grounds one through three of his § 2255 motion and completely withdraw his Request for Leave to File Supplemental Motion. Because good cause has been shown and the Government has consented, Carroll's Motion to Voluntarily Withdraw Grounds One Through Three [DE-236] is ALLOWED. Grounds one through three of Carroll's § 2255 motion [DE-214, -216] and Carroll's Request for Leave to File Supplemental Motion [DE-231] are DISMISSED as withdrawn.

#### B. Motion to Vacate

##### 1. Carroll's fourth claim fails to state a claim of ineffective assistance of counsel.

Carroll has raised one claim of ineffective assistance of counsel in his § 2255 motion. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the

4

burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address Carroll's ineffective assistance of counsel claim.

### a. Carroll alleges that his attorney provided ineffective assistance by recommending that he accept a plea.

In his fourth claim, Carroll alleges that his attorney provided ineffective assistance by advising him to accept a plea rather than taking his case to trial. Mot. Vacate Mem. [216-1] at 15-17. Carroll contends that if his attorney had raised the issues addressed in claims one through three of his § 2255 motion, there is a strong likelihood that the outcome of the proceedings would have been different. *Id.* at 15.

Carroll's fourth claim must fail because his challenges to his conviction would fail for the reasons addressed below. Ultimately, because claims one through three of Carroll's § 2255 motion are without merit, Carroll's attorney's representation did not fall below an objective standard of reasonableness by failing to raise those challenges to the detriment of a favorable plea

5

offer. Carroll's plea agreement reduced his statutory range of imprisonment from between ten years to life (*see* 21 U.S.C. §§ 841(b)(1)(A), 846) to a maximum of five years for both offenses (*see* 18 U.S.C. § 371).

In the first claim of Carroll's § 2255 motion, he argues that the court lacked subject-matter jurisdiction because "the Grand Jury handed down a[n] indictment without any information of written statement of essential facts constituting the offense charged pursuant to" Federal Rules of Criminal Procedure 3 and 4. Mot. Vacate [DE-216] at 4.

Carroll's first claim must fail because Carroll pled guilty to a criminal information, not an indictment. *See* Criminal Information [DE-158]. Moreover, at the time of Carroll's guilty plea, he waived the right to an indictment. *See* Waiver of Indictment [DE-161]. Additionally, Carroll cites Rules 3 and 4 of the Federal Rules of Criminal Procedure, yet these two rules deal with a complaint and the arrest warrant or summons on a complaint. Thus, they are not relevant to the grand jury indictment process. Finally, Carroll's first claim falls within the waiver contained in his plea agreement.[2] *See* Plea Agreement [DE-162] at 1-2.

In the second claim of his § 2255 motion, Carroll argues that the federal government

---

[2] Carroll's plea agreement included the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

*See* Plea Agreement [DE-162] at 1-2.

lacked jurisdiction over him because he was "arrested for violating laws of the United States of America" in Jacksonville, North Carolina, which is "outside the territories and 'enclaves' belonging to the United States." Mot. Vacate [DE-216-1] at 5.

Carroll's second claim fails because he was arrested within the territorial boundaries of the United States. *See United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) ("Physical presence in the United States usually supplies the only necessary prerequisite for personal jurisdiction in a federal criminal prosecution.") Carroll's contention that he was not arrested within a uniquely federal territory, such as a military base or a national park, does not alter the analysis. Finally, Carroll's second claim fails because it falls within the waiver contained in his plea agreement. *See* Plea Agreement [DE-162] at 1-2.

In his third claim, Carroll argues that this court is not a "Criminal Court," and therefore, it lacks jurisdiction to enforce criminal laws. Mot. Vacate [DE-216] at 7.

Congress has specifically provided that district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *White*, 480 F. App'x at 194. Given Congress's authorization, Carroll's third claim must fail.

## C. Motion Pursuant to Federal Rules

Carroll's next motion before the court is his Motion Pursuant to Federal Rules [DE-237]. In his motion, Carroll requests that the court take judicial notice of the fact that there was only one conspiracy in his criminal case. *Id.* at 2-3.

Adjudicative facts not subject to reasonable dispute may be judicially noticed at any point in the proceedings. Fed. R. Evid. 201. An adjudicative fact is a fact "concerning the immediate

7

parties-who did what, where, when, how, and with what motive or intent." Fed. R. Evid. 201 advisory committee's note. By definition, an adjudicative fact must be relevant. *United States v. Larouche*, 4 F.3d 987, 1993 WL 358525, at *4 (4th Cir. Sept. 13, 1993) (citing 21 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5104 at 483-84 (1977)).

Carroll's argument that this court can take judicial notice of the fact that there was only one conspiracy lacks merit because Carroll has failed to cite to a public record or other fact not subject to reasonable dispute. Accordingly, Carroll's Motion Pursuant to Federal Rules [DE-237] is DENIED.

**D. Motion to Amend**

Carroll's final motion before the court is his Motion to Amend [DE-238]. In his motion, Carroll seeks to add an amended fourth claim. *Id.* at 1, 3-11.

A § 2255 claim presented in a motion to amend that is filed more than one year after the conviction becomes final is untimely under 28 U.S.C. § 2255(f)(1), unless the claim relates back to a timely-filed claim, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 662-64 (2005). A claim relates back "when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading.'" *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (quoting Fed. R. Civ. P. 15(c)(2)). An amended claim, however, "does not relate back (and thereby escapes [the § 2255] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

In this case, Carroll's amended fourth claim raises a claim of ineffective assistance of

8

counsel. In particular, Carroll alleges that his trial counsel should have prevented him from entering a guilty plea that violated his double jeopardy rights. Mot. Amend [DE-238] at 6-9. Carroll's original fourth claim also alleges ineffective assistance of counsel, but in that claim, Carroll alleges that his trial attorney erred by advising him to plead guilty. Mot. Vacate Mem. [DE-216-1] at 15-17. The original fourth claim focused on counsel's failure to challenge the court's jurisdiction, and the amended fourth claim presents a constitutional argument that Carroll's plea agreement violated double jeopardy. In both claims, however, Carroll alleges that his attorney provided ineffective assistance of counsel by advising him to plead guilty. Both claims arise out of the same core of operative facts. Accordingly, the court concludes that Carroll's amended fourth claim relates back to his original timely-filed § 2255 motion.

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See Pittman*, 209 F.3d at 317 (noting that although the Rules Governing Section 2255 do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

As noted, Carroll alleges in his amended fourth claim that his trial counsel should have prevented him from entering a guilty plea that violated his double jeopardy rights. Mot. Amend

[DE-238] at 6-9. Carroll alleges that his plea violated double jeopardy because the two separate violations of 18 U.S.C. § 371, Counts One and Two, each encompassed a conspiracy from 2005 to 2011. *Id.* at 3.

Carroll is mistaken. The conspiracy charged in Count One of the Information took place in or around 2007, and continued up to and including in or around the end of 2008. *See* Information [DE-158] at 1. The overt act alleged in the Information involved purchasing and distributing cocaine base (crack) and cocaine to and from other co-conspirators from in or around 2007, and continuing up to and including in or around the end of 2008. *See id.* at 1-2. The conspiracy charged in Count Two took place no later than in or around 2009, and continuing up to and including on or about July 30, 2011. *See id.* at 2. The overt act took place from in or around 2009, and continued up to and including on or about July 30, 2011, and involved the purchase and distribution of cocaine base (crack) and cocaine to and from other co-conspirators involved in the conspiracy. *See id.* at 2-3.

Because Carroll has failed to show there was a double jeopardy violation, he has not shown that his attorney's advice to plead guilty fell below an objective standard of reasonableness. Consequently, Carroll's Motion to Amend [DE-238] will be DENIED on the basis that amendment would be futile.

### IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-221] is ALLOWED, Carroll's Motion to Vacate [DE-214, -216] is DENIED; his Request for Leave to File Supplemental Motion [DE-231] is DISMISSED as withdrawn; his Motion to Voluntarily Withdraw [DE-236] is ALLOWED; his Motion Pursuant to Federal Rules [DE-237] is DENIED;

and his Motion to Amend [DE-238] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Carroll has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 26' day of May, 2016.

James C. Fox
Senior United States District Judge

11